# EXHIBIT A

**IN THE COURT OF COMMON PLEAS**
**WARREN COUNTY, OHIO**
**CIVIL DIVISION**

COMMON PLEAS COURT
WARREN COUNTY, OHIO

2018 OCT 18  PM 12: 48

JAMES L. SPAETH
CLERK OF COURTS

|  |  |  |
|---|---|---|
| **BARBARA BECKLEY,** | : | |
| 1414 Cory Dr. | : | |
| Dayton, OH 45406 | : | Case No.: |
| | : | 18 CV 091589 |
| Plaintiff, | : | Judge  **JUDGE TEPE** |
| | : | |
| v. | : | |
| | : | |
| **CLASSIC HEALTHCARE SYSTEMS,** | : | <u>**Jury Demand Endorsed Hereon**</u> |
| **LLC, d/b/a FRANKLIN RIDGE** | : | |
| **HEALTHCARE CENTER,** | : | |
| Two Berea Commons, Suite 1 | : | |
| Berea, OH 44017 | : | |
| | : | |
| Defendant. | : | |

## <u>COMPLAINT</u>

NOW COMES Plaintiff Barbara Beckley ("Plaintiff") and proffers this Complaint for damages against Defendant Classic Healthcare Systems, LLC, d/b/a Franklin Ridge Healthcare Center ("Defendant").

## <u>JURISDICTION AND VENUE</u>

1.      This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Ohio Laws Against Discrimination, R.C. Chapter 4112 ("Chapter 4112").

2.      Jurisdiction and venue are conferred upon this court pursuant to Ohio R. Civ. P. 3(C) because Plaintiff's claims arise under the laws of the State of Ohio; Defendant conducts substantial business in Warren County; Defendant conducted activities giving rise to Plaintiff's claims in Warren County; and Warren County is the county in which all or part of the claims for relief arose.

## THE PARTIES

3.      Plaintiff Barbara Beckley is an individual, a United States citizen, and a resident of Dayton, Montgomery County, Ohio.

4.      At all times relevant herein, Plaintiff was an "employee" of Defendant as that term is defined by the Ohio Revised Code, Chapter 4112.

5.      Defendant is a Limited Liability Company registered to do business in Ohio.

6.      Upon information and belief, Defendant operates several skilled nursing centers throughout the State of Ohio.

7.      At all times relevant herein, Defendant was an "employer" as that term is defined by the Ohio Revised Code, Chapter 4112.

## FACTUAL BACKGROUND

8.      Defendant operates a skilled nursing center known as Franklin Ridge Healthcare Center, located at 421 Mission Lane, Franklin, Warren County, Ohio 45005, where it employs more than 200 individuals at any given time.

9.      Plaintiff began her employment with Defendant at its Franklin Ridge facility on or about May 18, 2018 as a Registered Nurse Unit Manager.

10.      As a Unit Manager, Plaintiff was responsible for supervising STNAs and LPNs, auditing nursing notes, attending management meetings, conducting patient assessments, and communicating with patients' care teams, among other things.

11.      During Plaintiff's employment, Defendant employed two individuals in the role of Unit Manager—Plaintiff and Ally Campbell.

12.      Both Plaintiff and Ms. Campbell reported to the Director of Nursing, Ms. Stephanie Beltz.

2

13.     During the entirety of her employment, Plaintiff was the only African American individual employed by Defendant in its Franklin Ridge facility.

14.     Ms. Campbell is Caucasian.

15.     On or about July 10, 2018, Plaintiff was informed by Defendant's CEO, Mike LNU, and Administrator, Anita Buddo, that the position of Unit Manager was being eliminated due to budgetary needs.

16.     Ms. Buddo informed Plaintiff that she could either accept a demotion or she would be terminated.   The demotion would be to a non-management, floor nurse position. Plaintiff was informed that her hourly rate would not change, but that her weekly hours would be reduced.

17.     Plaintiff reluctantly agreed to accept the demotion to floor nurse.

18.     Shortly after this conversation, Plaintiff spoke with Ms. Campbell about the elimination of their Unit Manager positions.

19.     Ms. Campbell informed Plaintiff that Ms. Campbell was told the same thing, but instead of being demoted, Ms. Campbell was offered another management position—Nurse Educator.

20.     Ms. Campbell, a Licensed Practical Nurse (LPN), had no experience in the Nurse Educator role, while Plaintiff, a Registered Nurse (RN), had extensive experience training other RNs.

21.     Ms. Campbell suggested that she and Plaintiff switch roles, given that Plaintiff was much more qualified for the Nurse Educator position.   Plaintiff agreed, and she and Ms. Campbell approached Ms. Beltz with their idea.

3

22. Ms. Beltz explained that Defendant would permit Ms. Campbell and Plaintiff to switch roles; however, Ms. Campbell would be required to take a reduction in her pay if she switched to a floor position.

23. On or about July 11, 2018, Plaintiff attended a meeting with Ms. Campbell, Ms. Buddo, and Ms. Beltz to discuss the restructuring.

24. Ms. Buddo echoed Ms. Beltz, informing Plaintiff and Ms. Campbell that they could switch roles, if Ms. Campbell would agree to take a pay reduction.

25. Ultimately, Ms. Campbell decided that she could not afford to take a reduction in pay. Therefore, Ms. Buddo informed Plaintiff that she would be demoted to floor nurse, effective July 13, 2018.

26. When Plaintiff asked Ms. Buddo why she was not chosen for the Nurse Educator position, Ms. Buddo informed Plaintiff that the decision had been made based on seniority.

27. After the meeting, Plaintiff informed Ms. Beltz that she felt she was being discriminated against due to her race, and that she intended to file a Charge of Discrimination with the Ohio Civil Rights Commission.

28. Upon information and belief, Ms. Beltz informed Ms. Buddo of Plaintiff's intention to file a Charge of Discrimination that same day.

29. Later that day, on or about July 11, 2018, Plaintiff filed Charge of Discrimination with the Ohio Civil Rights Commission (OCRC), alleging that she was being discriminated against on the basis of her race.

30. The following day, on or about July 12, 2018, Plaintiff attended a regularly-scheduled weekly meeting with Ms. Campbell, Ms. Beltz, and the outgoing Nurse Educator.

31.     During this meeting, further discussion ensued regarding the changes to managerial positions. Plaintiff again stated that she felt she was being discriminated against based on her race because she was the only employee facing a demotion. Plaintiff informed Ms. Beltz, that she had filed a Charge of Discrimination the previous day.

32.     Ms. Beltz informed Plaintiff that Ms. Buddo would want to know more about the basis for Plaintiff's Charge of Discrimination. Plaintiff told Ms. Beltz that she would be happy to speak with Ms. Buddo directly about the Charge, but that she was not comfortable with discussing the Charge in the meeting.

33.     Ms. Beltz and the outgoing Nurse Educator then began to discussing Plaintiff's Charge in front of her and Ms. Campbell. Specifically, Ms. Beltz asked whether the OCRC would still need to investigate the Charge if Plaintiff quit her job or was terminated.

34.     Plaintiff felt that it was unprofessional and inappropriate for her supervisors to discuss the charge in front of her at the meeting, and she felt that this was intentionally done to intimidate her.

35.     After the meeting ended, Plaintiff took her lunch break.

36.     Upon information and belief, after the meeting, Ms. Beltz informed Ms. Buddo of the events of the morning meeting, including that Plaintiff had filed a Charge of Discrimination.

37.     When Plaintiff returned from lunch, she was approached by Ms. Beltz and told to report to Ms. Buddo's office.

38.     Ms. Buddo informed Plaintiff that she had spoken with Ms. Beltz and was aware of the conversation that occurred in the morning meeting. Ms. Buddo informed Plaintiff that she was being terminated due to her "offensive" behavior during the meeting.

5

39.     The following day, on or about July 13, 2018, Plaintiff filed a second Charge of Discrimination with the OCRC, alleging that Defendant retaliated against Plaintiff for engaging in a protected activity under Ohio law.

## COUNT I
### (R.C. § 4112 -- Retaliation)

40.     All of the preceding paragraphs are realleged as if fully rewritten herein.

41.     Plaintiff engaged in protected activity when she filed a Charge of Discrimination with the Ohio Civil Rights Commission on or about July 11, 2018.

42.     Defendant knew that Plaintiff engaged in a protected activity.

43.     Defendant intentionally retaliated against Plaintiff for engaging in the abovementioned protected activity by subjecting Plaintiff to disparate treatment, terminating Plaintiff, and/or otherwise discriminating against Plaintiff in the terms, privileges, and conditions of her employment.

44.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer emotional distress and loss of salary, benefits, and other terms, privileges, and conditions of employment for which Defendant is liable.

45.     Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and all other relief available under this section.

WHEREFORE, Plaintiff demands:

For both counts, monetary damages including back pay and benefits, front pay, statutory liquidated damages, compensatory damages, punitive damages, expert witness fees, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, and any and all other relief which the Court deems just and appropriate.

6

Respectfully submitted,

/s/

Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, Ohio 43207
Ph: (614) 610-4134
Fax: (513) 826-9311
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/

Greg R. Mansell (0085197)